# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: ) | |
| ) | |
| **MICHAEL WOLTERS,** ) | |
| **CONNIE WOLTERS and** ) | |
| **ERIC C. RAJALA, Trustee,** ) | |
| ) | |
| Appellants, ) | |
| ) | |
| vs. ) | Case No. 10-2626-JAR |
| ) | |
| **BENNIE ARTHUR LAKEY, SR. and** ) | |
| **GERAL DINE LAKEY,** ) | |
| ) | |
| Appellees. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Joint Motion to Stay Pending Appeal of the Bankruptcy Court's October 4, 2010 Order (Doc. 7) filed by appellants Michael and Connie Wolters and Chapter 7 Trustee Eric C. Rajala ("Wolters"). The motion seeks an order: (1) prohibiting Bennie Lakey and Geral Lakey ("Lakeys") from drawing down any additional funds on their reverse mortgage, other than insurance and real estate taxes and expenses necessary to preserve and maintain the value of their home located at 9723 Sunset Circle, Lenexa, Kansas ("the Home"), and prohibiting any transfer of, or further encumbering or pledging as collateral, any interest in the Home; and/or (2) an order permitting the Lakeys to sell the Home, but only under certain enumerated conditions intended to protect any proceeds from the sale.

This appeal is taken from the bankruptcy court's October 4, 2010 Order overruling the Wolters' objection to the Lakeys' homestead exemption brought pursuant to 11 U.S.C. § 522(o). In overruling the objection, the bankruptcy court found that (1) the Wolters failed to meet their

burden to prove grounds justifying piercing the corporate veil of Colony North Homes, Inc.—the Lakey-owned entity that constructed the Wolters' home—to make the Wolters creditors of the Lakeys; and (2) even if the Wolters were creditors of the Lakeys, the timing of the Lakeys' homestead acquisition did not show the Lakeys acquired or encumbered their homestead with the intent to hinder, delay or defraud the Wolters or any other creditors. After filing a notice of appeal, the Wolters filed a motion to stay, which the bankruptcy court denied. The Wolters' present Motion to Stay seeks to protect the value of the Lakeys' homestead during the pendency of this appeal, so as to ensure a source of recovery for the Wolters in the event the bankruptcy court order is reversed. The Court heard oral argument on the Motion to Stay on January 6, 2011. For the reasons stated below, the Wolters' motion is denied.

The standard for a motion to stay pending appeal requires the consideration of four factors:

> 1) whether the appellant has a strong position on the merits of the appeal; 2) whether the appellant will suffer irreparable injury if a stay is denied; 3) whether a stay would substantially harm other parties to the litigation; and 4) where the public interest lies.[1]

"All four of the requirements must be satisfied to justify entry of a stay order."[2] After carefully considering the parties' arguments, the Wolters' motion fails to meet the requirements necessary to support an entry of a stay pending appeal.

The crux of this dispute turns on whether movants or others will experience greater injury

---

[1] *In re Hodgson*, No. 92-4169-RDR, 1994 WL 413903, at *1 (D. Kan. July 6, 1994) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Sec. Investor Prot. v. Blinder, Robinson & Co.*, 962 F.2d 960, 968 (10th Cir. 1992); *Battle v. Anderson*, 564 F.2d 388, 401 (10th Cir. 1977); *Hellebust v. Brownback*, 824 F. Supp. 1524, 1530 (D. Kan. 1993)).

[2] *In re KAR Dev. Assocs., L.P.*, 180 B. R. 624, 626 (D. Kan. 1994).

in the presence or absence of a stay. The Wolters have not adequately shown irreparable injury. In fact, they fail to articulate the injury they will experience if a stay is not granted. The law is plain that to constitute irreparable harm, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough."[3] The alleged harm should be certain and immediate, not speculative or theoretical.[4] The Home owned by the Lakeys is the focus of the present appeal, *i.e.*, whether the bankruptcy court erred in concluding the Lakey's Home is entitled to protection as a homestead. However, the Wolters fail to articulate the recovery they believe would result from reversal of the bankruptcy court's October 4, 2010 Order overruling their objection to the homestead exemption, or what injury they would suffer if the value of homestead was not available. They argue that their right to recovery is based on a $600,000 arbitration award against Colony North Homes, Inc., and a $900,000 proof of claim they filed with the bankruptcy court, a proof of claim that was denied. The Lakeys contend that the Wolters' original claim was based on a $60,000 contract with Colony North Homes, Inc. to install windows in the Home. The Wolters have not set forth the basis for the vast differences between these figures. To the extent there is a debt owed, it is unliquidated.

Moreover, the Wolters failed to articulate their anticipated recovery if the bankruptcy court's decision is reversed. Both Lakeys have an ownership interest in the Home. The bankruptcy court found by the preponderance of the evidence that the Wolters are not creditors of Mr. Lakey, and further found that there was *no* evidence that the Wolters are creditors of Mrs.

---

[3]*Hellebust v. Brownback*, 824 F. Supp. 1524, 1530 (D. Kan 1993).

[4]*Id*. at 1531.

Lakey. In this sense, as the Lakeys posit, a stay would constitute a remedy seemingly greater than the Wolters might recover in the event of reversal. By moving for a stay, the Wolters seek to preserve the entire equity in the Home, that is the value of the home less the amount of the debt secured by the reverse mortgage. Even if the Wolters are creditors of Mr. Lakey, if Mrs. Lakey is not liable for the debt, the Wolters would not be entitled to all of the equity in the home.

The parties agree that the home has depreciated in value since it was built; the Wolters speculate that the home may continue to depreciate in value. But this speculation does not satisfy their burden to show a certain and immediate injury. Assuming the Home is presently valued at a minimum of $1.2 million, as suggested at oral argument, and $475,000 has been drawn down on the reverse mortgage, that would leave $725,000 of equity in the home from which the Wolters might recover. The Wolters have not shown that this is insufficient to support a full recovery. Furthermore, any right to recover would depend on their ability, first, to establish that they were actually creditors of the Lakeys and, next, to establish that there is evidence the Lakeys actually intended to hinder, delay or defraud their creditors.[5] Moreover, they would need to establish that they are creditors not only of Mr. Lakey, but of Mrs. Lakey as well.[6] In short, the Wolters have failed to show that they will suffer irreparable injury in the absence of a stay.

The Lakeys argue that they will be harmed if a stay is imposed, particularly as it relates to staying their ability to sell the Home. The Lakeys contend that they have insufficient income to pay the taxes, insurance, utilities, maintenance and other expenses associated with the Home.

---

[5]*See* 11 U.S.C. § 522(o); *Parks v. Anderson*, 406 B.R. 79, 97 (D. Kan. 2009).

[6]11 U.S.C. § 522(m) states that all subsections of § 522 are to be applied "separately with respect to each debtor in a joint case."

They claim they have already consumed significant portions of their life insurance proceeds to pay for the costs of this litigation, depleting a resource that is traditionally exempt. By remaining in the Home, the parties estimate the Lakeys are expending approximately $60,000 a year in ongoing expenses. This factor, therefore, weighs against entering a stay order.

With regard to the Wolters' likelihood of success on the merits, there is an insufficient showing as well. Review of the bankruptcy court's factual findings would be under a "clearly erroneous" standard; in other words, "the error must be pellucid to any objective observer."[7] The Wolters face multiple tiers of issues in establishing grounds for reversal or a right to recovery: (1) they must show that the application of Missouri law rather than Kansas law on whether to pierce the corporate veil of Colony North Homes, Inc. would result in an entirely different outcome than that reached by the bankruptcy court; (2) that the bankruptcy court's factual findings concerning piercing the corporate veil constitute "clear error"[8]; (3) that, assuming the Wolters are creditors, that they are creditors of both Mr. and Mrs. Lakey; and (4) that there is evidence to support a finding that either or both Lakeys actually intended to hinder, delay or defraud the Wolters.[9] Although the Court is not ruling on the merits of the appeal at this time, the movants have not shown that they are in "a strong position."[10]

Finally, in evaluating the public policy at stake, the Court notes that the public policy in

---

[7]*Parks*, 406 B.R. at 87 (quoting *Penncro Assocs., Inc. v. Sprint Spectrum, L.P.*, 499 F.3d 1151, 1161 (10th Cir. 2007)).

[8]*See id.*

[9]*See* 11 U.S.C. 522(o).

[10]*In re Hodgson*, No. 92-4169-RDR, 1994 WL 413903, at *1 (D. Kan. July 6, 1994).

Kansas strongly favors protecting the homestead.[11] This factor also weighs against entering a stay order.

Because the Wolters have failed to meet their burden on all four elements, the motion is denied. However, the Lakeys have indicated an interest in selling the Home, largely because they cannot support the expenses of maintaining it. In the event the Lakeys enter into a contract for sale of the Home at 9723 Sunset Circle, Lenexa, Kansas, they are directed to file a motion for approval of the sale contract with this Court.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Joint Motion to Stay Pending Appeal of the Bankruptcy Court's October 4, 2010 Order Overruling the Wolters' and the Trustee's Objection to the Debtors' Claimed Homestead Exemption (Doc. 7) is **DENIED.**

**IT IS FURTHER ORDERED BY THE COURT THAT**, in the event the Lakeys enter into a contract for sale of the Home, they must file a motion with this Court seeking approval of the contract before the Home may be sold.

**IT IS SO ORDERED.**

Dated: January 7, 2011

                                                 S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE

---

[11]*See In re Hodes*, 235 B.R. 104, 110 (D. Kan. 1999); *see also In re Letterman*, 356 B.R. 540, 542 (D. Kan. 2006) (construing homestead exemption in favor of debtor).